IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CV-76-BO

| | | |
|---|---|---|
| JACKIE W. MONCUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on August 16, 2013, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively filed for DIB on August 29, 2009, alleging disability since May 5, 2009. After an initial denial, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*,

907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays,* 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's degenerative disc disease post two surgeries was considered severe at step two but did not meet or equal a listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform a reduced range of light work. Plaintiff's impairments prevented him from returning to his past relevant work at step four, but the ALJ concluded, based on the testimony of a vocational expert (VE), that jobs existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of her opinion.

Substantial evidence does not support a finding that plaintiff could perform work on a regular and sustained basis. Plaintiff has had a total of three surgeries on his back: a microdiscectomy at L5-

S1 in 2004, Tr. 308, a second microdiscectomy at L5-S1 in 2009, Tr. 218, as well as a fusion at L5-S1 later in 2009. Tr. 238. Although plaintiff's first surgery was considered a success and thereafter he returned to work, plaintiff has continued to experience severe pain and radiculopathy following his last two surgeries. Tr. 257, Tr. 351. In 2010, plaintiff's neurosurgeon found plaintiff to have a 30% partial disability of the back and noted that he might be able to perform medium work, but that he would suffer exacerbations of pain on prolonged sitting or increased activity. Tr. 271. In 2011, plaintiff's pain management physician opined that plaintiff should not be working at all in light of his failed back surgery syndrome and radiculopathy. Tr. 351.

The opinion of the treating physician must be given controlling weight unless it is not well-supported or is inconsistent with other substantial evidence in the record. SSR 96-2p. The ALJ may reject the opinion of the treating physician if it is based upon outdated information and is not supported by supporting clinical documentation. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Even if a treating physician's opinion is not entitled to controlling weight, it may still be entitled to the greatest of weight. SSR 96-2p.

First, as to the opinion of plaintiff's neurosurgeon, Dr. Medlin, the Court notes that his opinion as to a 30% partial permanent disability appears to relate to an award of workers' compensation. Tr. 272. Second, as the determination of disability is reserved to the Commissioner, SSR 96-5p, Dr. Medlin's opinion as to a 30% partial permanent disability or that plaintiff could perform "medium work" should have been given no special significance by the ALJ. Finally, in addition to the foregoing, Dr. Medlin noted that, after plaintiff's lumbar fusion, he had nothing more to offer plaintiff surgically and that he was unsure that plaintiff's residual lower back and leg pain would ever completely resolve. Tr. 273.

3

After running out of surgical options, plaintiff began treatment with a pain management specialist, Dr. Zub. Dr. Zub noted that plaintiff was "very motivated to get off the Fentanyl patch" and that plaintiff was "attempting to get back to work." Tr. 354-56. In completing a medical statement for plaintiff's social security disability claim, Dr. Zub opined that plaintiff could work no hours per day, could stand or sit for fifteen minutes at a time, could lift ten pounds occasionally and five pounds frequently, could never bend, would need to elevate his legs most of the time during an eight-hour work day, and had severe pain. Tr. 351.

Though Dr. Zub was plaintiff's treating pain physician, the ALJ afforded his opinion little weight because his treatment records did not suggest any limitations. Recognizing, however, that Dr. Zub was plaintiff's *pain management* specialist, and was not an orthopaedist or neurosurgeon, the ALJ should have afforded more than little weight to his opinion regarding the severity of plaintiff's pain.

In regard to the ALJ's credibility determination, plaintiff is correct note that while the ALJ was quick to find that plaintiff's testimony regarding his ability to lift fifty pounds - albeit only for a short distance - was credible, the ALJ found plaintiff's statements regarding the severity and intensity of his pain not credible. The record is replete, however, with plaintiff's consistent complaints of severe pain as well as objective medical findings to support his subjective testimony. Tr. 215, 216, 229, 236, 255, 257, 270, 308, 354. Moreover, plaintiff's attempts to return to work and his expressed desire to step down his pain medications support his credibility. Substantial evidence in the matter does not therefore support the ALJ's finding that plaintiff could perform a reduced range of light work. Substantial evidence does support a finding that plaintiff's pain would preclude him from performing sustained work-related activities in a work setting on regular and

continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Court finds that, on the state of this record and in light of plaintiff's severe pain, two failed back surgeries, and no future prognosis for surgical or other relief, reversal is appropriate. Remand for a second hearing is therefore unnecessary.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED and defendant's motion for judgment on the pleadings [DE 21] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Acting Commissioner for an award of benefits.

SO ORDERED, this _10_ day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5